IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA NEAL, Administratrix of the Estate of SHAWN SLAVENS, <br><br> Plaintiff, <br><br> v. <br><br> OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CIV-24-00575-JD |

## **ORDER**

Before the Court are two Reports and Recommendations (separately, "R. & R." and together, "R. & Rs.") issued by United States Magistrate Judge Amanda Maxfield Green on March 5, 2025.

The first R. & R. recommends granting Defendant Oklahoma County Criminal Justice Authority's ("OCCJA") and Defendant Board of County Commissioners of Oklahoma County's ("Board") Motions to Dismiss [Doc. Nos. 9, 10] Plaintiff's claims for municipal liability based on a failure to train and failure to supervise. [Doc. No. 43 at 17–19]. The first R. & R. also recommends denying OCCJA's and the Board's Motions to Dismiss Plaintiff's systemic failure claim based on an informal custom of understaffing the Oklahoma County Detention Center. *Id.* at 8–17, 19.

The second R. & R. recommends granting Defendant Turn Key Health Clinics, LLC's ("Turn Key") and Defendant Viviane Jazet's Motions to Dismiss [Doc. Nos. 14, 38] and dismissing all claims against these defendants without prejudice. [Doc. No. 44].

Each R. & R. advised the parties of their right to object by March 19, 2025, and warned that failure to object timely would waive the right to appellate review of the factual and legal issues in the R. & R. [Doc. No. 43 at 19; Doc. No. 44 at 19–20]. No party filed a timely objection to either R. & R.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations" of the magistrate judge. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to the magistrate[ judge]'s findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Here, no party is proceeding pro se and the interests of justice do not require review, particularly because the Court has no evidence of the parties' efforts to comply or

an explanation for their failure to object. Thus, the firm waiver rule applies, and the parties have waived their right to challenge the R. & Rs.

Therefore, the Court ACCEPTS the R. & Rs. [Doc. Nos. 43, 44] as modified by this Order.[1] The Court GRANTS OCCJA's and the Board's Motions to Dismiss [Doc. Nos. 9, 10] Plaintiff's claims for municipal liability based on a failure to train and failure to supervise, and the Court DISMISSES these claims without prejudice. The Court DENIES OCCJA's and the Board's Motions to Dismiss Plaintiff's systemic failure claim based on an informal custom of understaffing. Turn Key's and Jazet's Motions to Dismiss [Doc. Nos. 14, 38] are GRANTED, and Plaintiff's claims against these defendants are DISMISSED without prejudice.

---

[1] Although no party objected, the Court modifies the second R. & R. [Doc. No. 44] to include an additional basis for the dismissal of Plaintiff's negligence claim against Turn Key. After Judge Green issued the R. & R., the Oklahoma Supreme Court issued its decision in *Sanders v. Turn Key Health Clinics*, 2025 OK 19. *Sanders* held that when "licensed medical professionals" work "under contract as an independent contractor[] with city, county, or state entities and provid[e] medical care to inmates or detainees in the custody or control of law enforcement agencies," then they are "employees" under the Oklahoma Governmental Tort Claims Act ("OGTCA") and are immune from liability from torts. *Id.* ¶ 57. *Sanders* applies to Turn Key, which raised OGTCA immunity in its Motion to Dismiss. [Doc. No. 14 at 13–15]. Therefore, the Court modifies the R. & R. [Doc. No. 44] to include Turn Key's immunity under the OGTCA as an additional basis for granting Turn Key's Motion to Dismiss Plaintiff's negligence claim without prejudice. *See Gonzalez v. Jones*, No. CIV-14-291-D, 2014 WL 4716344, at *1, 5 (W.D. Okla. Sept. 22, 2014) (adopting without objection the magistrate judge's supplemental report and recommendation, which recommended dismissing without prejudice state negligence claims based on immunity under the OGTCA, and dismissing the claims without prejudice); *see also Altstatt v. Bd. of Cnty. Comm'rs. of Okla. Cnty.*, No. CIV-22-811-D, 2023 WL 6208550, at *4 (W.D. Okla. Sept. 22, 2023) (dismissing without prejudice state law claims based on immunity under the OGTCA); *Layton v. Bd. of Cnty. Comm'rs. of Okla. Cnty.*, No. CIV-09-1208-C, 2013 WL 5532175, *2 (W.D. Okla. Oct. 4, 2013) (same).

Federal Rule of Civil Procedure 12(a)(4) governs answer deadlines. This action remains referred to Judge Green.

**IT IS SO ORDERED** this 27th day of March 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE